UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

TROY BUCKLER, JR.,                    )
                                      )
          Plaintiff,                  )          Case No. 6:26-cv-00005-GFVT-EBA
                                      )
v.                                    )
                                      )          **MEMORANDUM OPINION**
JANICE MORONES,                       )                    **&**
                                      )               **ORDER**
          Defendants.                 )

*** *** *** ***

This matter is before the Court on a Report and Recommendation prepared by United States Magistrate Judge Atkins.  [R. 79.]  Judge Atkins reviewed a motion for summary judgment [R. 69] and a motion to strike [R. 72] filed by Defendant Janice Morones.  Judge Atkins recommends that the Court grant both Motions.  [R. 79.]  Because this Court agrees with Judge Atkins' analysis, the Court **ADOPTS** Judge Atkins' Recommendation **[R. 79]** as and for the opinion of the Court and will **GRANT** the Motion to Strike and the Motion for Summary Judgment.

**I**

The facts of this case are well-established on the record. *See* [R. 68 at 1–2]; [R. 79 at 1–3]. Neither party objected to Judge Atkins' description of the case. Troy Buckler was an inmate in the Kentucky state corrections system. Proceeding *pro se*, Buckler alleges that Janet Morones sexually harassed and made lewd comments about him while he was confined in Little Sandy Correctional Complex. [R. 12.] The Court permitted his First Amendment retaliation claim to proceed but dismissed the remainder of his amended complaint. *Id.* Buckler later moved for summary judgment. [R. 53]. Judge Atkins recommended that Plaintiff's motion be denied and the Court adopted this recommendation as the opinion of the Court, overruling Buckler's

objections. [R. 68]. Morones then filed her own motion for summary judgment to dismiss the claims against her and to request that Buckler's Amended Complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(g). [R. 69].

In his response, Buckler attached multiple affidavits from fellow inmates who claim that they witnessed interactions between Buckler and Morones. [R. 71]. Morones responded with a Motion to Strike Exhibits 2, 3, and 4 from Buckler's Response. [R. 72]. Judge Atkins permitted additional briefing on this question and incorporated both the Motion to Strike and the outstanding Motion for Summary Judgment in the ultimate Order and Recommended Disposition filed on June 6, 2025. Buckler objected to the Order and Recommended Disposition by mail postmarked June 9, 2025. [R. 81].

## II

The United States Code empowers magistrate judges to "hear and determine any pretrial matter pending before the court[.]" 28 U.S.C. § 636(b)(1)(A). That same statute permits a magistrate judge to submit recommended findings as to dispositive motions such as a motion for summary judgment. *Id.* § 636(b)(1)(B). This Court referred all pretrial matters to United States Magistrate Judge Atkins and further instructed Judge Atkins to issue a report and recommendation as to any dispositive motions. [R. 24].

When a party files written objections to a Magistrate Judge's proposed findings and recommendations, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.* "A specific objection 'explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic.'" *United States v.*

*Conley*, 290 F. Supp. 3d 647, 653 (E.D. Ky. 2017) (quoting *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007)). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The reviewing standard differs when a party objects to a magistrate judge's non-dispositive order. Rather than conducting a *de novo* review, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A finding is "clearly erroneous when, although there may be evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Lewis*, 81 F.4th 640, 652 (6th Cir. 2023) (citation modified). Under this standard, "it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge." 12 Wright & Miller's Federal Practice & Procedure § 3069 (3d ed. 2025). Motions to strike are non-dispositive matters. *Oppenheimer v. City of Madeira, Ohio*, 336 F.R.D. 559, 561 (S.D. Ohio 2020).

Buckler objects to Judge Atkins' "recommendation [sic] Order granting Defendant's Motion to Strike citing FRE 80l(C)." [R. 81 at 1]. Buckler does not object to Judge Atkins' recommended disposition granting summary judgment to Morones or to dismiss his amended complaint as frivolous. Objections to a Magistrate Judge's report are waived, if not raised. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Willis v. Sullivan*, 931 F.2d 390, 400–01 (6th Cir. 1991). In the absence of any objection, the Court adopts the Order and Recommended Disposition as it relates to those two recommendations. Nevertheless, the Court will review

3

Judge Atkins' Order granting Morones' Motion to Strike to determine whether it is clearly erroneous or is contrary to law.

<strong>A</strong>

Morones moved to strike three affidavits attached to Buckler's Response in opposition to the motion for summary judgment. [R. 72]. Morones argued that the affidavits of Scott Goble, Branden Day, and Charles McNichols were not based on the affiants' personal knowledge and contained inadmissible hearsay. [R. 72 at 1]. Buckler insists that Goble, Day, and McNichols based their affidavits on their own personal knowledge and are admissible. [R. 74]. As summarized by Judge Atkins, the affidavits all support Buckler's allegations. [R. 79 at 6–7]. Goble claims that he witnessed Morones make inappropriate comments to Buckler, including calling him a "rat" in the presence of other inmates, and saw Morones sexually harass Buckler [R. 71-3]. Day states that he witnessed Morones tell inmates to sexually harass Buckler, witnessed Morones sexually harass Buckler, and witnessed other inmates sexually harass Buckler. [R. 71-4]. McNichols's affidavit goes further in stating that he witnessed Morones "star[e] into showers and cells for periods of time" which "did not appear to be related to prison needs." [R. 71-5]. McNichols also stated that he "witnessed rumors" that Morones was engaged in illegal activities and that a Prison Rape Elimination Act (PREA) complaint was filed against her. *Id.*

Judge Atkins found that nothing in the affidavits established the affiants' personal knowledge of the events relevant to the case. [R. 79 at 7]. An affidavit used to support or oppose a motion must be made on personal knowledge, "meaning personal observations or experiences." *Alexander v. Kellogg USA, Inc.*, 674 F. App'x 496, 499 (6th Cir. 2017); Fed. R. Civ. P. 56(c)(4). The party submitting the affidavit has the burden of showing circumstances indicating that the

4

affiant based the statement on personal knowledge. *Id.* Additionally, the affiant's basis for personal knowledge "must be evident from the affidavit" itself. *Johnson v. Washington Cnty. Career Ctr.*, 982 F. Supp. 2d 779, 787 (S.D. Ohio 2013). "Affidavits at the summary judgment stage may not rely upon inadmissible hearsay because inadmissible hearsay 'cannot create a genuine issue of material fact.'" *Id.* at 787–89 (quoting *North American Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997). Judge Atkins found that nothing in the affidavits indicated the basis of the affiants' personal knowledge for the described events. Beyond their statements that they witnessed the events, "nothing else has been presented to demonstrate this personal knowledge and thus the affidavits can be stricken on this basis alone." [R. 79 at 7–8].

Judge Atkins further noted that the affidavits contain inadmissible hearsay. *Id.* at 8. "Hearsay is a statement that the declarant 'does not make while testifying at the current trial or hearing' and that is offered 'to prove the truth of the matter asserted in the statement.'" *EQT Gathering, LLC v. A Tract of Prop. Situated in Knott Cnty., Ky.*, 970 F. Supp. 2d 655, 665 (E.D. Ky. 2013) (citing Fed. R. Evid. 801(c)). The affidavits contain statements that are clearly hearsay, including rumors among the inmate population, allegations from other inmates regarding Morones' sexual activity, and observations that inmates spoke amongst themselves regarding the events described in the affidavits. *See* [R. 79 at 8] (citing [R. 72 at 2; R. 71-4; R. 71-5]). Buckler offers these statements for the truth of the matter asserted; "namely, that Morones had been inappropriate with Buckler and other inmates and that Morones harassed Buckler after he filed her PREA complaint against her." *Id.* Buckler did not provide a reason why any of these statements fell within an exception to the hearsay rule. On this basis, Judge Atkins granted Morones' motion to strike the affidavits of Goble, Day, and McNichols. *Id.* at 9.

Buckler submits that the statements are not hearsay. [R. 81]. Throughout his objection, Buckler asserts "that all prior statements for Affiants comply with Kentucky Rule of Evidence 613." *Id.* at 1, 3, 6. The Kentucky evidence rules play no part in this case because questions of admissibility are a question of federal law. *A. K. by & Through Kocher v. Durham Sch. Servs., L.P.*, 969 F.3d 625, 629 n.2 (6th Cir. 2020) (citing *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000)). Nevertheless, Buckler contends that certain "federal hearsay exceptions" apply, namely Federal Rules of Evidence 801(d)(1)(B), 801(d)(1)(C), 801(d)(2)(C), and 807. Rule 801(d) lists certain "statements that are not hearsay." Fed. R. Evid. 801(d). This is, under the Rules, not the same as an "exception" to the rule against hearsay.[1] For the purposes of Buckler's objection, it is enough to say that Rule 801 serves as an *exemption* with the same effect.

A "'statement' means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). A declarant "means the person who made the statement." *Id.* 801(b). Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." *Id.* 801(c). Statements that meet certain conditions are not hearsay and are thereby admissible.

Fed. R. Evid. 801(d)(1)(B) exempts a declarant-witness's prior statement where

> The declarant *testifies and is subject to cross-examination* about a prior statement, and the statement is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate a declarant's credibility as a witness when attacked on another ground[.]

---

[1] Fed. R. Evid. 803 and 804 list the various exceptions to the rule against hearsay. What precisely constitutes the difference between a "statement that is not hearsay" and "exceptions to the rule against hearsay," or why such a distinction matters, is a question that vexes law students and seasoned attorneys alike.

Fed. R. Evid. 801(d)(1)(B) (emphasis added). Buckler argues that the statements contained in the affidavits would not be hearsay if the affiants were permitted to testify. [R. 81 at 2]. But Buckler misunderstands the purpose of Rule 801(d)(1)(B). The purpose of Rule 801 broadly is to arm attorneys with tools to rehabilitate or further attack a witness impeached on the stand. *See Tome v. United States*, 513 U.S. 150, 156 (1995). Rule 801(d)(1)(B), specifically, embodies the common-law "pre-motive requirement," meaning that the proposed admissible statement must have been made *before* "the alleged fabrication, influence, or motive to lie came into being." *Id.* at 156, 160 (concluding that Rule 801(d)(1)(B) requires a pre-motive requirement). Simply, Rule 801(d)(1)(B) has nothing to say about the statements contained in the affidavits because none of these individuals have testified under oath and been confronted with an impeachment attack. Judge Atkins naturally could not even consider a Rule 801(d)(1)(B) analysis because it so plainly does not apply to the situation here on a motion to strike affidavits. For the same reasoning, Buckler's argument as to Rule 801(d)(1)(C) has no merit because it has no applicability.

Buckler's argument in favor of an exclusion under Rule 801(d)(2)(C) makes even less sense. That rule admits a statement offered against an opposing party that was "made by a person whom the party authorized to make a statement on the subject." Fed. R. Evid. 801(d)(2)(C). Buckler contends that "these Affidavits are offered against the Defendant, made by persons Plaintiff authorized to make the statements on the subjects due to being grounded on Affiant's personal observations [sic]." [R. 81 at 4]. Again, Buckler misunderstands the purpose of this rule. Under the rule, a statement offered against Morones could come in if it was a statement made by a person whom *Morones* authorized to make a statement on the subject. The question is not whether Buckler authorized Goble, Day, and McNichols to make a statement. The question is

7

whether Morones authorized Goble, Day, and McNichols to make a statement on the subject. The answer is clearly no.

Buckler's final argument is that the affidavits meet the residual hearsay exception contained in Rule 807. That rule states that a hearsay statement not otherwise excluded under Rules 803 or 804 is admissible if "(1) the statement is supported by sufficient guarantees of trustworthiness" and "(2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). Such a statement is only admissible "if the proponent gives an adverse party reasonable notice of the intent to offer the statement" and the notice must be provided "in writing before the trial or hearing." *Id.* 807(b). Buckler, repeating the language of the rule, insists that the statements fall under the residual exception by suggesting that the statements are sufficiently reliable because they corroborate Buckler's complaint and corroborate each of the other statements. [R. 87 at 6]. "The purpose of Rule 807 is to make sure that reliable, material hearsay evidence is admitted, regardless of whether it fits neatly into one of the exceptions enumerated in the Rules of Evidence." *United States v. Moore*, 824 F.3d 620, 624 (7th Cir. 2016). The statements are not supported by *any* guarantee of trustworthiness as affidavits from individuals not subject to cross-examination and where much of the information contains the statements of *other people*, not the affiants themselves. This is not one of the limited and extraordinary circumstances where Rule 807 applies. Instead, as Judge Atkins already ruled, these are simply hearsay statements without any exception or exemption.

No part of Judge Atkins' Order granting the motion to strike is clearly erroneous or is contrary to law. The Court is left with the definite and firm conviction that Judge Atkins correctly applied the appropriate law in issuing his Order. Buckler's objection to Judge Atkins' Order is

overruled. Because Buckler failed to object to any other part of Judge Atkins' recommended disposition, he has waived his right to object further and the Court will adopt Judge Atkins' recommendation to enter summary judgment in favor of Morones.

### III

 Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

1. Plaintiff Buckler's Objection [R. 81] is **OVERRULED**.

2. Magistrate Judge Atkins' Order and Recommended Disposition [R. 79] is **ADOPTED** as and for the opinion of the Court.

3. Defendant Morones' Motion for Summary Judgment [R. 69] is **GRANTED**.

4. Plaintiff Buckler's Amended Complaint [R. 8] is **DISMISSED**.

5. Plaintiff Buckler receives a "strike" pursuant to 28 U.S.C. § 1915(g).

6. A judgment will be entered contemporaneously with this Opinion.


This 23d day of February 2026.

Gregory F. Van Tatenhove
United States District Judge